Murray B. Campbell v. Commissioner.
Campbell v. Commissioner
Docket No. 3676-68.
United States Tax Court
T.C. Memo 1970-301; 1970 Tax Ct. Memo LEXIS 59; 29 T.C.M. (CCH) 1390; T.C.M. (RIA) 70301; October 28, 1970, Filed Murray B. Campbell, pro se, 2193 Grandview Rd., Cleveland Heights, Ohio, Patrick E. Whelan, for the respondent. quealy Memorandum Findings of Fact and Opinion QUEALY, Judge: Respondent determined a deficiency in the petitioner's income tax for the taxable year 1965 in the amount of $642.72. The only issue presented for decision is whether the petitioner is entitled to deduct certain expenses as traveling expenses while away from home in the pursuit of a trade or business. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner Murray B. Campbell resided in Cleveland Heights, Ohio, at the time he filed his petition in this case. The *60 petitioner filed an individual income tax return for the taxable year 1965 with the district director of internal revenue, Cleveland, Ohio. The petitioner has been employed by various agencies of the Department of Defense since 1963 as a procurement quality control assistant or representative. Procurement quality control is the means by which an agency assures at the point of manufacture that purchased materials conform to specified standards. A procurement quality control representative may be resident or itinerant. A resident representative devotes his full time to examining the products of one manufacturing plant. An itinerant is required to travel to two or more different plants. An itinerant may or may not have office space in the plants which he visits but in either event he usually has no office space at any office of his employer. The petitioner was an itinerant representative. During most of 1965 he was not supplied by his employer with office facilities. The petitioner used whatever facilities he could obtain on loan and on a temporary basis from the various plants that he visited. The petitioner normally stored necessary working materials in his vehicle, lodging and *61 residence, and transported those materials to each plant that he visited. Prior to December 1964 the petitioner was employed in the Cleveland area. In December 1964 the petitioner received a personnel form that notified him of his promotion from general commodities quality control assistant at civil service grade GS-7 to general commodities quality control representative at civil service grade GS-9 and of his reassignment from the office of the Inspector Naval Material, Cleveland East Division, to the office of the Branch Inspector of Naval Material, Fort Wayne Division. The notification stated the petitioner's "Duty Station" was to be Fort Wayne, Indiana. In connection with his reassignment, the petitioner was authorized to claim reimbursement for the cost of transporting his family and household goods from his "present duty station" at Cleveland, Ohio, to his "new duty station" at Fort Wayne, Indiana. Fort Wayne is located approximately 220 miles from Cleveland. The petitioner was also authorized to claim per diem reimbursement for travel on behalf of the government from Fort Wayne to or between points in Ohio and Indiana, as well as the 15 other states that made up the Central *62 District of Supervising Inspector of Naval Material. The petitioner scheduled his own workload, setting times and places to his employer's needs, maintained his own timecards, and arranged his own call schedule. The normal practice of the petitioner during 1965 was to leave his residence in Cleveland Heights on a predetermined schedule of calls for one week at a time. Departure and arrival at sites within his assigned work area would normally take place on Monday. Lodging would be acquired and 1391 work would proceed for as many of the remaining days as necessary. In some weeks only one or two days were spent in the assigned area because no work was available. In each and every week of 1965 the petitioner packed up, abandoned his lodging, and returned to his residence in Cleveland Heights. During 1965 the petitioner's wife was employed in the Cleveland area, and his wife's child by a former marriage was attending school in Cleveland Heights. On the days that the petitioner worked during the period from January 1 through January 6, 1965 he worked in the general area of Fort Wayne. On January 7, 1965 the petitioner reported to a manufacturing plant in Wabash, Indiana, as directed *63 by verbal orders from the Branch Inspector of Naval Material, Fort Wayne. Wabash is located approximately 47 miles from Fort Wayne and 273 miles from Cleveland. From January 7 through April 9, 1965 the petitioner worked in Indiana at plants located around the cities of Wabash, Marion, Fort Wayne and Anderson. On April 9, 1965, approximately 5 months after he was notified of his reassignment from Cleveland, the petitioner met with officials from the offices of the Inspector and Branch Inspector of Naval Material to discuss his transfer. A memorandum of the meeting stated that its purpose was to review with the petitioner certain actions taken with regard to his transfer and to explain the actions being taken to correct administrative errors that were made in effecting his transfer. At that time, the petitioner was given a copy of a personnel form dated January 13, 1965, effective December 6, 1964, that stated that his reassignment of duty stations was from Cleveland, Ohio to Wabash, Indiana. This did not result in any change in the petitioner's assignments to plants located in the Wabash, Marion, Fort Wayne and Anderson, Indiana area. On April 9, 1965 the petitioner was also *64 given a transportation authorization which was issued on the previous day that authorized the petitioner to claim reimbursement for the cost of transporting his family and household goods from Cleveland to Wabash. In addition, the petitioner was given a travel authorization dated January 7, 1965 that listed his "official office" as Minneapolis-Honeywell, Wabash, Indiana and that authorized the petitioner to claim per diem reimbursement for travel from Wabash to or between points in Ohio and Indiana, as well as the 15 other states that made up the Central District of Supervising Inspector of Naval Material. The petitioner was issued a new travel authorization on July 1, 1965 that covered official travel within the area that made up the Central District of Supervising Inspector of Naval Material. This authorization listed the petitioner's "official station" as the Branch Inspector of Naval Material, Fort Wayne. During some point in 1964, the functions of the office of the Inspector Naval Material were assigned to the Defense Supply Agency. By a letter dated July 16, 1965 the petitioner was offered the opportunity to transfer with his function to the Defense Supply Agency. The letter *65 listed the petitioner's duty location as "Branch I-D/S Ft. Wayne, Ind." The petitioner's transfer was effected on October 1, 1965. His duty station was listed on a personnel form as Fort Wayne. A new personnel form dated December 20, and effective October 1, 1965, listed the petitioner's duty station as Wabash. The new form indicated that it was issued to correct the listing of the petitioner's duty station as Fort Wayne. In July 1965 the petitioner received per diem reimbursement for expenses incurred in Fort Wayne from December 1964 until January 6, 1965. The petitioner was reimbursed by his employer for local travel from Monday through Friday with point of origin at Wabash from January 7 through October 1, 1965 and generally with a point of origin at Marion from October 1 through December 31, 1965. Marion is located 27 miles from Wabash. The petitioner has so far unsuccessfully sought reimbursement for additional travel allowance from Cleveland to the various cities in Indiana that were classified by his employers as his duty stations. He does not consider such claims as being finally settled. During 1965 the petitioner incurred traveling expenses of $5,239.09. [1] The petitioner *66 1392 received reimbursements of $1,172.35 from his employer. The petitioner's unreimbursed expenditures of $4,066.74 represent expenses of travel between his residence in Cleveland Heights, Ohio and his work areas in Indiana, as well as lodging, meals and laundry expenses incurred in Indiana. Opinion During 1965 the petitioner performed quality control assignments for the office of the Inspector Naval Material and the Defense Supply Agency at manufacturing plants around the cities of Wabash, Marion, Fort Wayne and Anderson, Indiana. At issue is the deductibility of the unreimbursed expenses incurred by the petitioner as a result of his maintaining his residence at Cleveland Heights, Ohio, a point that we take notice to be in excess of 200 miles from either Wabash, Marion, Fort Wayne or Anderson. The controlling provision, section 162 (a)(2), [2] provides as follows: *67 SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * In , the Supreme Court stated: Three conditions must * * * be satisfied before a traveling expense deduction may be made * * *: (1) The expense must be a reasonable and necessary traveling expense * * * (2) The expense must be incurred "while away from home." (3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. * * * The respondent questions whether the petitioner's unreimbursed traveling expenses were incurred while he was "away from home." The respondent also questions whether the weekly expenses of traveling between *68 Cleveland Heights and the petitioner's work areas in Indiana were incurred in pursuit of business. The petitioner can prevail only if he can show that his employment in Indiana was temporary, ; , and the record before us does not establish that his reassignment to the Wabash area was of such a nature. The petitioner did not perform any work in the Cleveland area during 1965. The petitioner's employer authorized the petitioner to claim reimbursement for the cost of moving his family and household goods. Also, the petitioner received per diem reimbursement only until he reported to Wabash on January 7, 1965, and this reimbursement was apparently due to the fact that his employer considered Wabash to be the petitioner's duty station. The petitioner's tax status was not changed when he transferred to the Defense Supply Agency. The petitioner would have us conclude that his reassignments were temporary due to the administrative errors that attended those reassignments. However, whatever confusion those errors caused, the personnel forms clearly indicated a shift of the petitioner's permanent *69 duty station out of Cleveland. After issuing verbal orders to the petitioner to report to Wabash on January 7, 1965, the petitioner's employer made it clear that the shift in permanent duty stations was to Wabash rather than Fort Wayne. (C.A. 6, 1961), is distinguishable. The taxpayer in that case was a racehorse starter who in the year in issue spent relatively short periods of time away from his residence in Williamstown, Kentucky, while he was employed at various race tracks throughout the eastern part of the country. In its opinion which held that the taxpayer could deduct traveling expenses while away from Williamstown, the court pointed out that this was not a case "where the employment is definite and for fixed portions of a 1393 year * * *. Here, the place of employment, and the employment itself, was temporary, subject to change from season to season." . When employment has been temporary, this Court has reached the same result as was reached in , albeit with a different view as to the type of factual situations that fall within the general rule of section *70 162(a)(2). See ; . As we have concluded that the petitioner's reassignment away from Cleveland was not temporary, the petitioner is not entitled to deduct the claimed unreimbursed automobile, meals and lodging, and laundry expenses. As to the unreimbursed automobile expenses, the respondent argues that an additional reason for holding those expenses to be personal expenses is that the petitioner's job did not require such travel. We agree. After the petitioner was reassigned from the Cleveland area to a new permanent assignment, there was no business reason that required his presence in Cleveland Heights during 1965. Decision will be entered for the respondent. Footnotes
1. These expenses were as follows: Automobile
$3,389.41
Meals and Lodging
1,637.13
Laundry 212.55
Total
$5,239.09
Due to a mathematical error, the petitioner's return listed total traveling expenses as $4,239.09.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩